KEN McCARTNEY, Bar No. 5-1335
The Law Offices of Ken McCartney, P.C.
Post Office Box 1364
Cheyenne, WY 82003
Tel (307) 635-0555
Email: bnkrpcyrep@aol.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

In re:                                             )
    DENNIS MEYER DANZIK,           )
                                              )      Case No.   16-20002
                                              )      CHAPTER 11
                            Debtor.   )

**DEBTOR'S OPPOSITION TO STAY RELIEF AS REQUESTED
BY SIGMA OPPORTUNITY FUND II, LLC**

COMES NOW the Debtor above named by counsel Ken McCartney of The Law Offices of Ken McCartney, P.C., and does hereby oppose stay relief as requested by the Sigma Opportunity Fund II, LLC, (hereinafter "Sigma.".   In support thereof be advised as follows:

1. The Debtor is neither funded nor represented by counsel licensed in the State of New York to continue litigation with Sigma.

2. The litigation is unnecessary to the successful reorganization of the Debtor's affairs.   It will prejudice the estate if the Debtor suffers the economic burden this litigation represents.   Avoiding that cost was a primary motivator for filing for Chapter 11 protection.

3. The application would seem to be requesting that the Chapter 11 process simply not apply to Sigma.   This does not appear to be a request to be allowed

to liquidate a disputed claim and remain stayed as to all collection action which is often allowed concerning complex claims. The proposed order is silent as to any limitations once the judgment is entered. This appears to be a request that the bankruptcy court simply no longer be involved in the Sigma collection action. Of course that prejudices the Debtor, but it also prejudices all the Debtor's other creditors.

4. It is difficult to determine if this application is for cause. The motion references "irreparable harm" which is grounds for immediate *ex parte* relief in section 362(a)(f). It will be hard to show that not reducing the claim against the guarantor of a fully secured promissory note to judgment results in much short term "harm" to Sigma.

5. Sigma is adequately protected as its claim is secured by real estate owned by one of RDX's non-filing subsidiaries. That property was just listed for sale for a little over $3,000,000. While it might not bring asking price, it will likely bring enough to pay off the note secured by a first deed of trust to Sigma.

6. Counsel does not concede that many of the elements discussed to determine if cause exists for stay relief as delineated in *In re Curtis* 40 B.R.795, can be analyzed in the movant's favor. Sigma's claim is on an uncontested promissory note, not difficult to liquidate (in fact the New York Court inadvertently has already proposed a writing doing just that). Let me quote

from *Curtis ibid*:

"***The automatic stay is intended 'to prevent a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts. The stay insures that the debtor's affairs will be centralized, initially, in a single forum in order to prevent conflicting judgment from different courts and in order to harmonize all of the creditors' interest with one another.' *Fidelity Mortgage Investors v. Camelia Builders, Inc.,* 550 F.2d 47, 55(2nd Cir. 1076) cert.., denied 429 U.S. 1093, 97 S.Ct.1107, 51 L. Ed. 2d540 (1977). The automatic stay implements two goals. First, it prevents the diminution or dissipation of the assets for the debtor's estate during the pendency of the bankruptcy case. Second it enables the debtor to avoid the multiplicity of claims against the estate arising indifferent forums. *In re Larkham,* 31 B.R. 273,276, 10 B.C.D. 1093 (Bkrtcy. D. Vt. 1983) Stated Differently, the policy underlying the automatic stay is to protect the debtor's estate from 'the chaos and wasteful depletion resulting from multifold, uncoordinated and possibly conflicting litigations.' *In re Frigitemp. Corp.*, 8 B.R. 284,289 (SW.D.N.Y. 1981)" at pages 798 and 799.

7. Debtor's counsel disagrees with the assertion that there will be dischargeability issues litigated by the Debtor, that CWT and Sigma will control the voting on a Chapter 11 plan, or that under the year 2005 definitions in the "absolute priorities rule" the Debtor will have difficulty proposing a confirmable plan. Sigma will probably be paid in full prior to plan voting, CWT undoubtable owes the Debtor and related entities much more than it claims against the Debtor, and committing the Debtor's disposable income for 60 months satisfies the absolute priority rule if the payout is greater than his other holdings as it clearly will be.

DONE this 3rd day of March, 2016.   Dennis M. Danzik
                                    Represented by:
                                .   /s/ Ken McCartney
                                    KEN McCARTNEY, Bar No. 5-1335
                                    The Law Offices of Ken McCartney, P.C.
                                    Post Office Box 1364
                                    Cheyenne, WY 82003

Tel (307) 635-0555
Email: bnkrpcyrep@aol.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 3rd day of March, 2016 he caused a true and correct copy of the foregoing Opposition to Stay Relief to be served electronically on the following:

Dan Morse
Assistant US Trustee

Paul Hunter
Attorney for Sigma

/s/Ken McCartney