Bradley T. Hunsicker (Wyo. Bar 7-4579)
**Markus Williams Young & Zimmermann LLC**
106 East Lincolnway Suite 300
Cheyenne, WY  82001
Telephone: 307-778-8178
bhunsicker@markuswilliams.com

Jeffrey M. Eilender (admitted *pro hac vice*)
Bradley J. Nash (admitted *pro hac vice*)
Vitali S. Rosenfeld (admitted *pro hac vice*)
**SCHLAM STONE & DOLAN LLP**
26 Broadway
New York, NY 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
jeilender@schlamstone.com
bnash@schlamstone.com
vrosenfeld@schlamstone.com

Attorneys for Creditors CWT Canada II Limited Partnership
and Resource Recovery Corporation

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| In Re:<br><br>DENNIS MEYER DANZIK,<br>xxx-xx-1786<br><br>Debtor. | Case No. 16-20002<br>Chapter 11 |

**TRAVERSE TO DEBTOR'S OPPOSITION TO STAY RELIEF AS REQUESTED BY CWT CANADA II LIMITED PARTNERSHIP AND RESOURCE RECOVERY CORPORATION**

Creditors CWT Canada II Limited Partnership ("CWT Canada") and Resource Recovery Corporation ("RRC") (the "CWT Parties") hereby submit this traverse to the *Debtor's Opposition to Stay Relief as Requested by CWT Canada II Limited Partnership and Resource Recovery Corporation* (the "Debtor's Opposition"), along with the Reply Declaration of Jeffrey M. Eilender (attached hereto at Exhibit "A") and the exhibits attached thereto, and the Reply

Declaration of Nigel Forster (attached hereto as Exhibit "B") and the exhibits attached thereto, in further support of their *Motion For Relief From Automatic Stay And Notice Of Time To Object* (the "Motion for Stay Relief") previously filed herewith.

## **PRELIMINARY STATEMENT AND BACKGROUND**

The Debtor's Opposition to the Motion for Stay Relief is simply a *non sequitor*. In contrast to the papers submitted by the CWT Parties, Danzik does not submit any declaration or affidavit for himself or anyone else with personal knowledge about either the New York Action or the Alberta Action. Instead, the Debtor's Opposition relies on the hearsay statements of Danzik's Wyoming bankruptcy counsel, who has not participated in any of these proceedings, and who makes wholly inaccurate and nonsensical suppositions about those proceedings.

Most fundamentally, Wyoming bankruptcy counsel, without any basis whatsoever, and in direct conflict with more than 500 documents filed with the New York Court, speculates that the New York Action is just at its beginning, and that a great deal of work is necessary to conclude it. The opposite is true, as confirmed by Mr. Eilender's Declaration and the Exhibits attached thereto. Justice Shirley W. Kornreich of the Supreme Court of the State of New York has already struck all of the defenses by Danzik and RDX, and all that remains for her to do is issue a formal judgment. Justice Kornreich also held a contempt hearing and all that is left to be done is the issuance of a decision on that proceeding. The CWT Parties have settled with all the non-Danzik/RDX parties. Because Danzik's defenses have been struck, there is nothing more to litigate in the New York Action, and all that remains is to liquidate the CWT Parties' claims.

The Debtor's Opposition goes to great lengths to assert a defense as to why RDX should not have to return the Tax Credits, and why RDX has a fraud claim against the CWT Parties with regard to the sale of CWT to RDX. Again, that ship has sailed. RDX's defenses, which are

2

based on the very same facts and issues that underlie its supposed fraud claims, have already been struck. The same is true with Danzik. Thus, the purported fraud claims are foreclosed by *res judicata* and collateral estoppel. More to the point, whatever claims RDX has do not help Danzik. He does not deny that he is not a party to the UPA; that RDX, not he, purchased CWT; that RDX not he, has the payment obligation; and that RDX, not he, has asserted a supposed fraud claim (which has in essence already been struck by Justice Kornreich). Danzik also does not deny that he personally took the $5 million in Tax Credits and that he has no basis to keep that money. Justice Kornreich, as a matter of law, has already foreclosed any setoff claim with regard to the Tax Credits by RDX. But, even if RDX could possibly have such a claim, it is RDX, not Danzik, who has that claim.

Simply put, there is no legal or factual basis for Danzik to keep the $5 million that he stole from the CWT Parties. Danzik also does not deny that because he stole this money, it is not part of his bankruptcy estate and thus can have no effect on this bankruptcy case.

Contrary to the hearsay and unsupported claims of Danzik's Wyoming counsel, the New York Action is all but completed. The CWT Parties respectfully ask that this Court allow the New York Court to take the final necessary step to end that proceeding.

## ARGUMENT

The Debtor's Opposition affirmatively concedes that most of the *Curtis* factors are satisfied here and does not cite any factors that militate against lifting the stay. (*See* paragraph 14 of the Debtor's Opposition). In fact, there is no substance to the Debtor's Opposition at all.

At Paragraph 5, the Debtor's Opposition argues that the CWT Parties are seeking not only to liquidate a disputed claim, but to actually collect the funds. This is absolutely not true and belied by the express request made in our opening papers. All that the CWT Parties are

3

asking for is that the stay be lifted to the extent that the New York Court can issue a formal judgment against Danzik and impose whatever remedies with regard to the contempt that it sees fit, such as to require Danzik to disgorge the stolen Tax Credits and deposit them in escrow. The CWT Parties' opening papers specifically state that it is for the Bankruptcy Court to determine how such funds would then be disbursed. The CWT Parties are certainly not asking to receive the funds at this stage, only that they be returned so that this Court can determine the next step.

Paragraphs 7 through 11 of the Debtor's Opposition suggest that there is a great deal of work still left to do in the New York Action and then attempts to assert a merits defense to the CWT Parties' claims to the Tax Credits – that RDX was defrauded into purchasing the CWT Facility and thus may keep the Tax Credits as an offset. There are three short answers to this contention.

*First,* the New York Court in the Attachment Order (attached to my opening Declaration as Ex. 3) has already held, based on the admissions of Danzik and RDX, that the Tax Credits either belong to the CWT Parties, or the U.S. Government; that the Tax Credits certainly do not belong to RDX; and that the Tax Credits had to be placed in escrow. This is *res judicata* and preclusive in this Court.

*Second,* subsequent to the issuance of the Attachment Order, and as discussed in detail in our opening papers, Justice Kornreich issued an Order on November 4, 2015 (before the filing of this bankruptcy case), striking all of the defenses of RDX and Danzik to the CWT Parties' claims, including those for the payment of the Tax Credits. Thus, having already admitted that the Tax Credits belonged to either the U.S. Government or the CWT Parties, on the basis of this second ruling by the New York Court, Danzik is precluded from arguing that the Tax Credits could be withheld as an offset. All of his complicated arguments and defenses concerning a

4

purported fraud by the CWT Parties have already been resolved against him and RDX by the striking of the defenses.

***Third,*** Danzik does not deny that he is not party to the UPA, and that he personally has no right to keep the Tax Credits as a setoff against the CWT Parties. If there is a supposed fraud claim against the CWT Parties, it belongs to RDX, not Danzik. Danzik also does not deny that he stole the Tax Credits as detailed in Mr. Eilender's opening Declaration, and as is supported by the testimony in the Contempt Hearing in the New York Action by Candy Blazar, the former CFO of RDX. Under no set of facts is Danzik entitled to keep the Tax Credits, and he is on the verge of being held in civil and criminal contempt because of his refusal to return these funds.

In sum, the defenses of Danzik and RDX have already been dismissed, the Contempt Hearing has been concluded, and all that remains is for the New York Court to enter a final judgment against Danzik with regard to the CWT Parties' claims, and issue a Decision and Order on the Contempt Motion. Given that Danzik's defenses have been dismissed, there is absolutely nothing left to litigate in the New York Action, and all that remains is to liquidate the CWT Parties' claims.

In Paragraphs 14-16 of the Debtor's Opposition, Danzik argues that the New York Action is not going to resolve RDX's claims against the CWT Parties for alleged fraud. On the contrary, those claims have already been resolved. Those claims are based on the contention that the CWT Refinery's characteristics were misrepresented, and thus RDX could keep the Tax Credits as some kind of offset. This is the very same defense that RDX and Danzik asserted in the New York Action, and which has been stricken. Thus, these issues and claims have already been determined and resolved against Danzik and RDX. Moreover, it is unclear how a claim that RDX has against the CWT Parties for fraud is relevant to Danzik in his own bankruptcy case.

5

Again, Danzik was not a party to the UPA, and he, as an individual, did not commit to purchase the CWT facility, and he personally owns no part of it. This was simply an agreement between RDX, on the one hand, and the CWT Parties, on the other. If RDX has a claim of fraud against the CWT Parties, Danzik has no part of that.

In Paragraph 15, Danzik incredibly has the gall (through his counsel) to wonder why the CWT Parties are seeking the Tax Credits from him rather than from RDX. In actuality, the Contempt Motion was brought against both of them. But, more to the point, Danzik does not dispute all of the testimony and documents (which he did not even challenge at the Contempt Hearing), which show that he personally took the $5 million in Tax Credits. The CWT Parties are pursuing Danzik simply because he is the one who stole that money.

At Paragraph 12, the Debtor's Opposition contends that the Alberta Action is undergoing an amendment process to add additional defendants. This is completely false. The Alberta Action was filed in August, 2014 and then was the subject of a motion to dismiss, based on improper venue. RDX abandoned that action rather than oppose the motion. There has been no activity in that case since March of 2015. Indeed, Robert Beeman, the then-counsel for RDX, told the CWT Parties' Canadian Counsel that he had not been paid and was no longer working on the matter. More details about the Alberta Action are set forth in the accompanying Declaration of Nigel Forster, the CWT Parties' Alberta Counsel.

Danzik also says nothing about the CCAA Proceeding that he caused RDX to file in August, 2015, and then abandoned as well. Counting RDX's bankruptcy filing in Arizona, Danzik has caused four (4) proceedings to be brought in two (2) states and in Canada, all to avoid returning the Tax Credits. All of this is for nothing. The New York Court has already ruled that he is not entitled to keep the money, and will soon hold him in contempt for failing to

6

abide by that ruling. It is in the strong interest of the fair and efficient administration of this bankruptcy case for the New York Court to finish its work.

Finally, Danzik does not deny that because he stole the Tax Credits, as a matter of law, they are not part of his bankruptcy estate, and thus the litigation of the ownership of the Tax Credits cannot impact this bankruptcy case. Danzik also does not deny the statements in the process server's Declaration that he does not even live in Wyoming, which raises the issue that this is a fraudulent filing to begin with.

## CONCLUSION

For the foregoing reasons, and for good cause having been shown, the CWT Parties respectfully request that this Court enter an Order substantially in the form of the order attached hereto at Exhibit "C" (which amends the previously submitted proposed order) modifying the automatic stay to allow the continuation of all aspects of the Pre-Petition New York Action against Debtor, Dennis Danzik.

Dated this 9TH DAY OF MARCH, 2016.

      Respectively submitted,

      **MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**

By:  /s/ Bradley T. Hunsicker
     Bradley T. Hunsicker

     106 East Lincolnway, Suite 300
     Cheyenne, WY 82001
     Telephone: (307) 778-8178
     Facsimile: (307) 638-1975
     E-Mail: bhunsicker@markuswilliams.com

      -and-

      **SCHLAM STONE & DOLAN LLP**

By: /s/ Jeffrey M. Eilender
Jeffrey M. Eilender (admitted *pro hac vice*)
Bradley J. Nash (admitted *pro hac vice*)
Vitali S. Rosenfeld (admitted *pro hac vice*)

26 Broadway
New York, NY 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
E-Mail: jeilender@schlamstone.com
E-Mail: bnash@schlamstone.com
E-Mail: vrosenfeld@schlamstone.com

*Attorneys For The CWT Parties*

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing **Traverse to the Debtor's Opposition to Stay Relief as Requested by CWT Canada II Limited Partnership and Resource Recovery Corporation** was served on March 9, 2016, via U.S. Mail, postage prepaid, upon the **Debtor**, Dennis Danzik, and electronically upon **Ken McCartney**, counsel for the Debtor, **Paul Hunter**, counsel for Sigma Opportunity Fund II, LLC, **Daniel Morse of the Office of the United States Trustee** and those **Requesting Notice.**

**Dennis Danzik (served via U.S. Mail)**
1334 Sunset Blvd. South
Cody, WY 82414

**Ken McCartney (served electronically)**
The Law Offices of Ken McCartney, P.C.
P.O. Box 1364
Cheyenne, WY  82003
bnkrpcyrep@aol.com
*Attorney for Debtor*

**Paul Hunter (served electronically)**
2616 Central Ave.
Cheyenne, WY  82001
attypaulhunter@prodigy.net
*Attorney for Sigma Opportunity Fund II, LLC*

**Daniel Morse (served electronically)**
Office of the United State Trustee
308 West 21st St, 2nd Floor
Cheyenne, WY 82001

**Nicholas M. Crandall (served electronically)**
Bonner Law Firm, PC
1102 Beck Avenue
Cody, Wyoming 82414
nick@bonnerlawfirmpc.com

                                                *s/Jenny F. Tokuoka*
                                                Jenny F. Tokuoka