Timothy L. Woznick, Wyo. Bar No. 6-3949
Dray, Dyekman, Reed & Healey, P.C.
204 E. 22nd Street
Cheyenne, WY 82001
Tim.Woznick@draylaw.com
(307) 634-8891
(307) 634-8902
Attorney for Plaintiff

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 16-20002 |
| DENNIS MEYER DANZIK, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| SOUTH COAST AIR QUALITY | ) | |
| MANAGEMENT DISTRICT, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 16-_____ |
| | ) | |
| v. | ) | |
| | ) | |
| DENNIS MEYER DANZIK, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY**

South Coast Air Quality Management District, a governmental unit (hereinafter "Plaintiff" or "SCAQMD"), by and through its attorneys, Dray, Dyekman, Reed & Healey, P.C., and in support of its Complaint against Dennis Meyer Danzik ("Debtor-Defendant") states and alleges as follows:

## Jurisdiction and Venue

1. This Adversary Proceeding is a core proceeding arising out of *In re Danzik*, Case No. 16-20002, a Chapter 11 case pending in this Court, which was filed on January 4, 2016 (the "Base Case"). Jurisdiction in this Court is therefore proper under 28 U.S.C. §§ 157(b)(2)(I) and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1409(a).

## Factual Background

2. Plaintiff is a California governmental agency organized and existing pursuant to Division 26, Part 3, Chapter 5.5, sections 40400, *et seq*. of the California Health and Safety Code. Plaintiff is the sole and exclusive local agency with the responsibility for comprehensive air pollution control in California's South Coast Basin.

3. Debtor-Defendant is an individual who, upon information and belief, resides in Cody, Park County, Wyoming.

4. Debtor-Defendant was, at all relevant times, a corporate officer of RDX Technologies Corporation, a Canadian corporation (hereafter "RDX").

5. Debtor-Defendant was, at all relevant times, a corporate officer of Ridgeline Energy Services (USA) Inc., a Delaware limited liability company (hereafter "Ridgeline").

6. RDX is the parent company of Ridgeline.

7. Ridgeline is a wholly-owned subsidiary of RDX.

8. Ridgeline and RDX began operating a wastewater treatment plant (the "Facility"), which was within Plaintiff's jurisdiction, in approximately April of 2012. Those operations included the use of several storage tanks ("Historic Tanks") previously used as part of oil refinery operations that had previously been conducted on the property where the Facility is located.

9. In 2013, Plaintiff began investigating Ridgeline and RDX (the Facility's "Operators") due, among other things, to odor complaints Plaintiff had received relating to the Facility.

10. In August 2013, Plaintiff filed a petition with the SCAQMD Hearing Board seeking an order for abatement against the Operators to require them to cease and desist operating the Facility in a manner that violated California statutes and the rules and regulations promulgated by the Plaintiff pursuant to its statutory authority (collectively the "Applicable Environmental Laws").

11. On August 20, 2013, the SCAQMD Hearing Board issued a *Stipulated Order for Abatement* (the "Abatement Order") after Plaintiff and the Operators reached an agreement stipulating to specific terms for maintaining the Historic Tanks and monitoring for odors at the Facility.

12. Between August 20, 2013 and January 8, 2015, the SCAQMD Hearing Board held no less than eleven (11) public hearings relating to various aspects of the operation of the Facility by the Operators.

13. Between the period of June 2013 and October 2014, Plaintiff took enforcement action against the Operators, including the issuance of no less than

seventeen (17) Notices of Violation that notified the Operators of their various violations of Applicable Environmental Laws.

14. Through its enforcement actions, its appearances before the SCAQMD Hearing Board, and its efforts to secure the Abatement Order, Plaintiff was working to ensure the Operators' safe operation of the Facility and voluntary compliance with the Applicable Environmental Laws.

15. Despite these efforts, in September 2014, Plaintiff learned that the Operators intended to engage in further violations of the Abatement Order by undertaking activities related to sludge removal and sludge dewatering operations (the "Prohibited Operations") without securing the necessary approvals from the Plaintiff and from the City of Santa Fe Springs.

16. On September 12, 2014, Plaintiff instituted a civil action (Case No. BC557571, hereafter the "Civil Action") in a California state court (the Superior Court of the State of California, County Of Los Angeles (Central District), hereafter the "California Court") by filing a complaint (the "Initial Complaint") and an application for a temporary restraining order seeking to enjoin the Operators from conducting the Prohibited Operations. The California Court entered a temporary restraining order on or about September 15, 2014.

17. In the Initial Complaint, Plaintiff named RDX, Ridgeline, an individual named Douglas Bean, and other unknown persons ("Does 1 through 50") as Defendants.

18. Plaintiff learned that Debtor-Defendant was an officer of RDX and of Ridgeline and that he was responsible for making the Operators' day-to-day business decisions relating to the unpermitted wastewater operations at the Facility.

19. On May 22, 2015, Plaintiff filed its *First Amended Complaint for Civil Penalties and Injunction Relief* (the "Amended Complaint"), in which it identified Debtor-Defendant as "Doe 1" and amended the requested relief in the Initial Complaint to include civil penalties for the Operators' and Debtor-Defendant's violation of Applicable Environmental Laws. A copy of the Amended Complaint, which, among other things, details the various violations of Applicable Environmental Laws by Debtor-Defendant and the Operators, is attached hereto as Exhibit 1 and incorporated herein by this reference.

20. On October 16, 2015, the California Court entered a *Judgment* in the Civil Action against Debtor-Defendant in the amount of $4,002,151.09 (the "Judgment"), which included an award to Plaintiff of $4,000,000.00 for "Civil Penalties" (hereafter the "Penalties"). A copy of the Judgment is attached hereto as Exhibit 2 and incorporated herein by this reference.

## Prayer for Relief – Declaration of Non-Dischargeability of Debts owed to Plaintiff (11 U.S.C. § 523(a)(7))

21. Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. Plaintiff is a governmental unit within the meaning of 11 U.S.C. § 101(27).

23. The Penalties included in the Judgment constitute a debt that Debtor-Defendant owes to Plaintiff and that is payable to and for the benefit of Plaintiff.

24. The Penalties included in the Judgment, and the debt arising therefrom, are for a fine, penalty, or forfeiture.

25. The Penalties included in the Judgment, and the debt arising therefrom, are not compensation for actual pecuniary loss.

26. The Penalties included in the Judgment, and the debt arising therefrom, were imposed with respect to transactions or events that occurred three years before the date Debtor-Defendant filed his petition in the Base Case.

**WHEREFORE** Plaintiff prays for judgment against Debtor-Defendant providing that the Penalties due under the above-referenced Judgment are excepted from discharge under 11 U.S.C. § 523(a)(7) and for such other and further relief as this Court deems just and proper under the circumstances.

**DATED** this 4th day of April, 2016.

        **SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT**

By: _/s/ Timothy L. Woznick_____
DRAY, DYEKMAN, REED & HEALEY, P.C.
Timothy L. Woznick – Wyo. Bar No. 6-3949
Attorneys for Plaintiff
204 East 22nd Street
Cheyenne, WY  82001
Phone:  307/634-8891
Fax:  307/634-8902