IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re ) | |
| ) | 2:08 pm, 4/7/16 |
| DENNIS MEYER DANZIK ) | Case No. 16-20002 |
| ) | Chapter 11 |
| Debtor(s). ) | |

FILED

Tim J. Ellis
Clerk of Court

## MEMORANDUM OPINION

This matter comes before the Court upon the motion of Sigma Opportunity Fund II, LLC (Movant) to modify the automatic stay provided in 11 U.S.C. § 362(a)[1] in order to allow a pending action to continue in the New York state court. A complete review of the record, and weighing all of the relevant factors, indicates that relief from the stay should be granted.

This Court has jurisdiction to hear the Motion for Stay Relief (Motion) pursuant to 28 U.S.C. §§ 157 and 1334. Venue to hear the Motion in this district is proper in accordance with 28 U.S.C. §§ 1408 and 1409. The Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

**FACTUAL AND PROCEDURAL BACKGROUND**

Movant is a plaintiff in a pending action in the Supreme Court of the State of New York, County of New York, captioned *Sigma Opportunity Fund II, LLC, v. Dennis M. Danzik*, New York Sup. Ct. Index No. 652883/2015 (New York Action). Movant's claim involves a personal guarantee for a loan made by Movant to RDX Technologies Corporation (RDX).

Debtor filed his Chapter 11 bankruptcy petition on January 4, 2016. The New York Court entered a summary judgment order awarding Movant a money judgment against Debtor on January 12, 2016. The Court entered its order the same day that Debtor filed its suggestion of

---

[1] Unless otherwise noted, all statutory references are to Title 11 of the United States Code.

bankruptcy with the New York Court. The Court has not "entered" the judgment due to the automatic stay. Movant filed the Motion for Stay Relief to complete the New York Action in order to liquidate its claims against the Debtor and Debtor's estate.

**DISCUSSION**

The Court, in determining whether to grant relief from stay, relies upon: (1) the Bankruptcy Code's provision that provides relief from the automatic stay for cause; and, (2) the applicable factors to determine whether to modify the stay to permit litigation against Debtor in another forum.

1. **Section 361(d)(1)**

Relief from the automatic stay "for cause," other than lack of adequate protection under § 362(d)(1) of the Bankruptcy Code, governs Movant's request for relief and provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause. . . .

Because the Bankruptcy Code does not define "cause," relief from stay for cause is a discretionary determination courts make on a case-by-case basis.[2] The bankruptcy court has the power to modify or vacate the stay based on "the particular circumstances of the case and is to be guided by considerations that under the law make for the ascertainment of what is just to the claimants, the debtor, and the estate."[3]

The automatic stay is one of the fundamental debtor protections provided under the Bankruptcy Code.[4] The automatic stay fulfills two goals: 1) to prevent the diminution or

---

[2] *In re Carbaugh,* 278 B.R. 512, 525 (B.A.P. 10th Cir. 2002).
[3] *Foust v. Munson Steamship Lines*, 299 U.S. 77, 83, 57 S.Ct. 90, 93, 81 L.Ed. 49 (1936).
[4] *Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1330 (10th Cir. 1984) (citing H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 340 (1977), 1978 U.S.Code Cong. & Admin.News, pp. 5787, 6297.

dissipation of the assets of the debtor's estate during the pendency of the bankruptcy case; and, 2) to enable a debtor to avoid the multiplicity of claims against the estate arising in different forums.[5] In regards to lawsuits, the policy of the automatic stay is to protect the debtor's estate from "the chaos and wasteful depletion resulting from multifold, uncoordinated and possibly conflicting litigation."[6]

2. **Factors applicable to determining whether to modify the stay to permit litigation against the debtor in another forum**

Congress recognized some circumstances would constitute "cause" to modify the automatic stay to permit an action to proceed before another tribunal:

> "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere."[7]

The Utah Bankruptcy Court interpreted the Report's suggestions and reviewed case law around the United States to develop a twelve-factor list (*Curtis* factors) to determine whether litigation should continue in another tribunal.[8] Bankruptcy courts use the *Curtis* factors in their determination of whether they should grant stay relief. The *Curtis* factors are:

(1) whether the relief will result in a partial or complete resolution of the issues;

(2) the lack of any connection with or interference with the bankruptcy case;

(3) whether the foreign proceeding involves the debtor as a fiduciary;

(4) whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases;

(5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

---

[5] *In re Towner Petroleum Co.*, 48 B.R. 182, 185 (Bankr. W.D. Okla. 1985).
[6] *Id.* (citing *In re Frigitemp. Corp.*, 8 B.R. 284, 289 (S.D.N.Y.1981).
[7] H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 343–44 (1977), 1978 U.S.Code Cong. & Admin.News, p. 6300. See also S.Rep. No. 95–989, 95th Cong., 2d Sess. 52 (1978), 1978 U.S.Code Cong. & Admin.News, p. 5838.
[8] *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984).

(6) whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

(7) whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;

(8) whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);

(9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

(10) the interest of judicial economy and the expeditious and economical determination of litigation for the parties;

(11) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and,

(12) the impact of the stay on the parties and the "balance of hurt.[9]

One who seeks relief from the automatic stay to continue litigation in a different tribunal must first establish cause, for such relief. The burden then shifts to Debtor to establish he is entitled to the stay.[10]

**ANALYSIS**

In applying the Curtis factors, the Court finds that Movant made a prima facie case for granting relief from the automatic stay "for cause."

    1. <u>Resolution of the Issues.</u> The New York Court has already substantively ruled against Debtor.[11] In this regard, there is no issue to be resolved. Movant only requires the New York Court to complete a ministerial act to enter a final order. This factor weighs in favor of granting relief. The promissory note and guarantee issues, as it pertains to Debtor individually, are resolved and this Court should not relitigate the issue.

---

[9] *Id*.
[10] *In re Towner Petroleum Co.*, 48 B.R. at 191.
[11] Motion for Relief from Stay, Ex. C (D.E. 53).

2. <u>Lack of Connection or Interference with the Bankruptcy Case</u>. Because this is a Chapter 11 bankruptcy case, creditors' claims must be liquidated. Entry of a final judgment will assist this Court, as oppose to interfere, as it will allow the claim to be properly addressed and handled, to the extent necessary, through Debtor's plan of reorganization. If the Court were to deny relief, the parties would need to re-start the entire process to determine the validity and/or amount of any claim related to the personal guarantee. This would only cause duplication, delay, and additional expense. Accordingly, factor number two weighs in favor of relief from stay.

3. <u>Debtor as a Fiduciary</u>. This factor is not applicable.

4. <u>Specialized Tribunal Better Suited to Determination of the Issue.</u> The case is before the Supreme Court of New York, County of New York. While this is not a specialized tribunal, the Judge has been handling the case from the start. The New York Court is familiar and experienced with the causes of action alleged, the parties involved, and the facts of the New York Action. It has rendered summary judgment in favor of Movant. This factor weighs in favor of relief from stay.

5. <u>Costs to Litigate Borne by Insurance Carrier.</u> There does not appear to be an insurance carrier involved in this case.

6. <u>Third Party Liability and Debtor Functions as Bailee or Conduit.</u> This factor is inapplicable.

7. <u>Whether the Litigation Prejudices the Interests of Other Creditors.</u> Debtor does not assert prejudice to creditors. Delay caused by repeated litigation or the inability to confirm a plan pending resolution of the guarantee issue actually prejudices creditors. The fact that the lawful

and appropriate resolution of a legal claim may result in a reduced potential for recovery by the estate does not constitute legal prejudice to the rights of creditors.[12]

Only one creditor, CWT Canada II Limited Partnership, objected. However, its objection does not involve the substantive merit of Movant's claims. Instead, CWT, having filed its own motion for relief from stay, requests that the Court treat the parties, Movant and CWT, the same regarding granting relief. This factor weighs in favor of granting relief.

8. Equitable Subordination. There is no basis upon which the Court may determine whether Movant's claim is subject to equitable subordination under Section 510(c). Neither party addressed this factor.

9. Avoidable Lien. The Court cannot presently determine whether a judgment against the debtors in the New York Action would result in a voidable judicial lien under Section 522(f).

10. Judicial Economy and Expeditious Determination of the Issues. The New York Court's steps necessary to finalize these matters are minimal when compared to the resources that this Court and parties would expend re-litigating the issues. As previously addressed, the cost to re-start the process would far exceed any cost to finalize the matters in the New York Court. This factor weighs in favor of granting relief.

11. Preparation of State Court Action for Trial. Movant's strongest argument is the status of the New York Action. Permitting an action to be completed in another tribunal contemplates a situation in which Debtor is a party to a prepetition action that has progressed to the point where it would be a waste of the parties' and the court's resources to begin anew in this Court. The New York Court has ruled against Debtor and thus, past the point of trial. The steps taken to finalize the matters in the New York Court are minimal when compared to the resources that the

---

[12] *In re Horizon Womens Care Prof'l LLC*, 506 B.R. 553, 559 (Bankr. D. Colo. 2014).

Court and parties would expend re-litigating in this Court. This factor weighs in favor of relief from stay.

      12. <u>The Balance of Hurt.</u> Financial hardship to Movant must, of course, be balanced against financial hardship to Debtor. The court should not shift the financial burden from another party to Debtor. "To do so would contravene the fundamental policy in favor of economic administration of debtors' estates."[13] The Court is mindful the impacts on stay relief on Debtor who must also devote time to his Chapter 11 case. But, the issues have been determined in the New York Action. Allowing the New York Court to enter final judgment, following proceedings that have already taken place, will result in little to no cost to the Debtor. Maintaining the automatic stay, and requiring this Court to address the matter in this Court, would result in substantial financial hardship to both Debtor and creditors. This factor weighs in favor of granting relief.

      Debtor's counsel concedes that some of the *Curtis* factors can be analyzed in Movant's favor, but argues others cannot. Debtor argues that real property, owned by an RDX non-filing subsidiary, adequately protects Movant's claim. Without more information, it is difficult to determine whether Movant would in fact be adequately protected. Even so, Movant is not seeking to take action against any of Debtor's assets or arguing that its security interest is at risk. The purpose of adequate protection for a creditor is to "insure that the creditor receives the value for which the creditor bargained prebankruptcy."[14] Instead, Movant seeks to liquidate its claim through entry of a final order. Real property value does not adequately protect Movant against the prejudice of not having a judgment entered in the case of a dismissal of this bankruptcy.

---

[13] *In re Curtis*, 40 B.R. 795, 806 (Bankr. D. Utah 1984).
[14] *In re O'Connor*, 808 F.2d 1393, 1396 (10th Cir. 1987).

The overriding theme in determining whether to grant relief from the stay to permit litigation against Debtor in another forum is the effect of such litigation on the administration of the estate. As previously explained, allowing the Court to enter a final judgment will actually assist this Court and the estate as it allows for more expeditious resolution and plan confirmation.

The Court also considers the "likelihood of success" factor as applied in the case of *Chizzali v. Gindi.*[15] Courts should tread lightly in rendering opinions as to a likely resolution of the factual and legal issues involved in a state court lawsuit.[16] In this case, however, the New York Court has already ruled against Debtor, which demonstrates Movant has been successful.

As the Court stated above, its analysis of the Curtis factors reflect that the Movant met its burden establishing a prima facie case that it is entitled to relief from the stay. The burden then shifted to the Debtor to establish he is entitled to the stay. Debtor failed to meet that burden.

**CONCLUSION**

The Court finds that this case would be more conveniently administered if it lifts the stay since the New York Court is in the best position to complete relief to the parties. Movant has established that its claim could be liquidated more expeditiously or economically in the New York Action. Relief from the stay will advance, rather than frustrate the administration of this case. The mechanism for a speedy adjudication of the merits of Movant's claim, overall judicial economy and the interests of the parties, therefore, favor relief from stay.

The Court has considered each of the applicable *Curtis* factors and finds that they support granting relief from stay in order to allow the New York action to continue against Debtor.

---

[15] *Chizzali v. Gindi. (In re Gindi),* 642 F.3d 865 (10th Cir. 2011), *overruled on other grounds by TW Telecom Holdings Inc. v. Carolina Internet Ltd.,* 661 F.3d 495 (10th Cir. 2011).
[16] *In re Dampier*, 523 B.R. 253, 259 (Bankr. D. Colo. 2015) aff'd, No. BAP CO-15-006, 2015 WL 6756446 (10th Cir. BAP (Colo.) Nov. 5, 2015).

Relief is limited to the entry of judgment. Movant may not take or maintain any collection actions.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

BY THE COURT

_Cathleen D. Parker_   4/7/2016

Honorable Cathleen D. Parker
United States Bankruptcy Judge

Service to:
    Ken McCartney
    Brad Hunsicker/Jeffrey Eilender
    Paul Hunter